## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Abigail Ratchford, Brenda Geiger, Claudia Sampedro, Dessie Mitcheson, Gallienne Nabila, Jamillette Gaxiola, Janet Guzman, Katarina Van Derham, Lauren Wood, Sara Underwood, Stephanie Rao, Tiffany Gray, Vida Guerra, Yodit Yemane, <br><br> Plaintiffs, <br><br> v. <br><br> Bleu Detroit, LLC, <br><br> Defendant. | **Civil Action No. 25-cv-11456** |

## COMPLAINT AND JURY DEMAND

Plaintiffs Abigail Ratchford, Brenda Geiger, Claudia Sampedro, Dessie Mitcheson, Gallienne Nabila, Jamillette Gaxiola, Janet Guzman, Katarina Van Derham, Lauren Wood, Sara Underwood, Stephanie Rao, Tiffany Gray, Vida Guerra, and Yodit Yemane (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint and Jury Demand, respectfully allege, based on personal knowledge as to facts relating to themselves and upon investigation of counsel for all other allegations, against Bleu Detroit, LLC ("Defendant"), doing business as "Bleu" or "Bleu Detroit" in Detroit, Wayne County, Michigan (the "Club"), as set forth below:

## I.   BACKGROUND

1.  This case is about a dance and night club's unauthorized commercial use of several professional models' likenesses in the club's advertisements.

2.  Defendant's wrongful conduct, as further described below, gives rise to Plaintiffs' claims against Defendant under the federal Lanham Act, 15 U.S.C. § 1125(a), under Michigan common law, and under principles of equity, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II.   JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege Defendant violated the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

4.  Venue is proper in this under 28 U.S.C. § 1391 because Defendant is in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

## III.   PARTIES

### A.   Plaintiffs

5.  Plaintiff Abigail Ratchford resides in California and has a commercial interest in her own image from her professional modeling work.

6.  Plaintiff Brenda Geiger resides in New York and has a commercial interest in her own image from her professional modeling work.

7.  Plaintiff Claudia Sampedro resides in Florida and has a commercial interest in her own image from her professional modeling work.

8.  Plaintiff Dessie Mitcheson resides in California and has a commercial interest in her own image from her professional modeling work.

9.  Plaintiff Gallienne Nabila resides in California and has a commercial interest in her own image from her professional modeling work.

10. Plaintiff Jamillette Gaxiola resides in Nevada and has a commercial interest in her own image from her professional modeling work.

11. Plaintiff Janet Guzman resides in California and has a commercial interest in her own image from her professional modeling work.

12. Plaintiff Katarina Van Derham resides in California and has a commercial interest in her own image from her professional modeling work.

13. Plaintiff Lauren Wood resides in California and has a commercial interest in her own image from her professional modeling work.

14. Plaintiff Sara Underwood resides in Washington and has a commercial interest in her own image from her professional modeling work.

15. Plaintiff Stephanie Rao resides in California and has a commercial interest in her own image from her professional modeling work.

16. Plaintiff Tiffany Gray resides in California and has a commercial interest in her own image from her professional modeling work.

17. Plaintiff Vida Guerra resides in California and has a commercial interest in her own image from her professional modeling work.

18. Plaintiff Yodit Yemane resides in California and has a commercial interest in her own image from her professional modeling work.

**B.     The Club and Defendant**

19. "Bleu" or "Bleu Detroit" (hereinafter the "Club") is a dance and night club located at 1540 Woodward Ave, Detroit, Wayne County, Michigan 48226.

20. Bleu Detroit, LLC ("Defendant") is a Michigan domestic limited liability company, identification number 801532503.

21. Defendant's registered agent as listed by the Michigan Department of Licensing and Regulatory Affairs is Aurelia Jaworski.

22. On information and belief, Defendant currently owns, operates, and manages the Club, including through Defendant's owners and/or managers Aurelia Jaworski and Mitchell Jaworski.

23. As the owner, operator, and manager of the Club, Defendant is responsible for the advertisements used by the Club's own officers, managers, employees, agents, or independent contractors to promote the Club.

## IV.   GENERAL ALLEGATIONS

24. Each Plaintiff is a well-known professional model who has earned compensation by commercializing her image, identity, likeness, pictures, photographs, trade dress, and advertising ideas (collectively, each Plaintiff's "Image") for many business endeavors, including the advertisement and promotion of publications, products, and services through negotiated, arms-length transactions with third-party commercial brands and companies that wish to use each Plaintiff's Image for advertising.

25. Each Plaintiff trades on her distinctive look to bring attention to the publications, products, brands, and services she chooses to affiliate with, uses social media to enhance her own brand, and exercises control over the use of her Image by third parties by vetting the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of her Image by that client.

26. None of the Plaintiffs are "stock imagery" models whose pictures can be licensed for commercial use without the Plaintiff's prior consent.

27. Unauthorized commercial use of each Plaintiff's Image deprives that Plaintiff of the fair market value compensation she would have otherwise earned for authorized commercial use of her Image in an advertisement, and further diminishes, defames, and disparages the goodwill and reputation she has built, and

the amount of future compensation she can command, for the licensed or authorized commercial use of her Image.

28. Defendant uses social media to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

29. Defendant is ultimately responsible for the advertising content posted by or on behalf of the Club on the Club's own social media pages through the Club's officers, managers, employees, agents, or independent contractors.

30. Defendant's website for the Club is www.bleudetroit.com (the "Website").

31. Defendant's social media pages for the Club include the Facebook account https://www.facebook.com/bleudetroitofficial and the Instagram account https://www.instagram.com/bleudetroit/ (the "Social Media Accounts").

32. Defendant provides links to the Social Media Accounts for the Club on the Website for the Club.

33. Dozens of advertisements were posted by or on behalf of Defendant on the Club's Social Media Accounts that contained Plaintiffs Images.

34. As an example of one of the offending advertisements at issue in this case, on or about May 23, 2023, the following advertisement was posted on the "Bleu Detroit" Facebook page to promote a "Glow Party" at the Club in which a photograph of Plaintiff Abigail Ratchford is centrally featured in the middle of the advertisement:



35. Additional examples of advertisements that used the Images of each of the other Plaintiffs are as follows:

    1)  Brenda Geiger (center):



2) Claudia Sampedro:



3) Dessie Mitcheson:



4) Gallienne Nabila:



5) Jamillette Gaxiola:



6)  Janet Guzman:



7)  Katarina Van Derham (left):



8) Lauren Wood:



9) Sara Underwood:



10)      Stephanie Rao:



11)      Tiffany Gray (upper left):



12)      Vida Guerra:



13)      Yodit Yemane:



36. On information and belief based on the format of the advertisements posted on the Club's Social Media Accounts, at issue use of Plaintiff's Images was not limited solely to publication on the Social Media Accounts but also included dissemination of Plaintiffs' Images in printed flyers.

37. Defendant used each Plaintiff's Image in the advertisements for the purpose of advertising, marketing, and promoting the Club.

38. Defendant used each Plaintiff's Image in the advertisements without consent or authorization from that Plaintiff and never paid for the legal right to use any Plaintiff's image.

39. Indeed, the specific photographs of each Plaintiff incorporated and manipulated into Defendant's advertisements were not taken for Defendant but were instead taken for each Plaintiff's own commercial purposes, including but not limited to use by that Plaintiff's own clients or on that Plaintiff's own social media.

40. By using each Plaintiff's Image in Defendant's advertisements for the Club, Defendant represented to the public at large, as well as to future advertising clients that may wish to hire Plaintiffs in the future, that Plaintiffs endorse, are affiliated with, are associated with, would be at, or agreed to advertise the Club, when, in fact, Plaintiffs had and have no connection or agreements with the Club or with Defendant whatsoever.

41. Defendant used each Plaintiff's Image to derive commercial benefit from some of the same qualities of Plaintiffs – including each Plaintiff's physical look, attractiveness, distinctive appearance, and advertising idea of using same to bring attention to a third-party product or service – that Plaintiffs trade on to earn income for themselves.

42. In Defendant's advertisements Plaintiffs are readily identifiable.

43. Defendant knew or should have known that they had no right to use each Plaintiff's Image in any of the advertisements making Defendant's unauthorized use of same knowing, willful, and intentional, or, in the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its managers, employees, or contractors, and reasonable care in the promulgation of advertising policies and procedures, making Defendant's conduct as alleged herein reckless or negligent.

44. Each Plaintiff has been damaged as a direct and proximate result of Defendant's unauthorized use of that Plaintiff's Image as that Plaintiff has been deprived of the fair market value compensation she would have otherwise received for the commercial use of her Image in an advertisement resulting in damages, the total amount of which will be established by proof at trial.

45. Each Plaintiff has been further damaged as a direct and proximate result of Defendant's unauthorized use as such use violates that Plaintiff's exclusive right to

control the commercial exploitation of her own Image, resulting in damages, the total amount of which will be established by proof at trial.

46. Each Plaintiff has further been damaged as a direct and proximate result of Defendant's unauthorized use as such use is detrimental to the value that Plaintiff could otherwise obtain in commercializing her own Image, and further disparages and defames her commercial reputation, including as a non-stock model, resulting in damages, the total amount of which will be established by proof at trial.

47. Furthermore, on information and belief, as a direct and proximate result of Defendant's unauthorized use of each Plaintiff's Image, Defendant made profits or gross revenues that should be disgorged to that Plaintiff in an amount to be established at trial.

## V.   CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

48. Plaintiffs re-state and re-allege paragraphs 1 through 47 above and incorporate the same by reference as though fully set forth herein.

49. Each Plaintiff brings this claim against Defendant.

50. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading

description of fact, or false or misleading representation of fact, which –

      (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

      (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

51. Defendant is liable to Plaintiffs for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

52. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

53. Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

54. Each Plaintiff earns or has earned compensation by commercializing her own Image and advertising ideas for use by reputable brands and services through arms-length negotiated transactions.

55. Each Plaintiff possesses a valid and protectable interest in her own Image that is eligible for protection under 15 U.S.C. § 1125(a)(1).

56. Each Plaintiff's Image is her trade dress for her own modelling work product and services.

57. Each Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her own Image.

58. Prior to authorizing the use of her Image by a third-party potential client, each Plaintiff carefully considers the reputation of that potential client and the good or service being promoted.

59. Each Plaintiff did not authorize Defendant's use of that Plaintiff's Image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's Image.

60. Defendant is responsible for the use of each Plaintiff's Image on or in the advertisements promoting the Club on the Club's Social Media Accounts.

61. Defendant used each Plaintiff's Image in its advertisements without consent, license, authorization, or legal right.

62. Defendant's unauthorized use of each Plaintiff's Image is ongoing and continuing as of the date of this Complaint.

63. In Defendant's advertisements, Plaintiffs are depicted and readily identifiable.

64. Defendant's misappropriations of each Plaintiff's Image in Defendant's advertisements for the Club creates the false impression that Plaintiffs are affiliated with, associated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

65. Plaintiffs, however, have never been employed by, performed at, or affiliated themselves in any way with the Club or Defendant.

66. Plaintiffs would not agree to allow their Image to be used to promote the Club in Advertisements without being asked for permission first and without receiving at least fair market value compensation.

67. Defendant placed its Advertisements containing each Plaintiff's Image on some of the very same social media marketing channels used in interstate commerce by Plaintiffs to promote both themselves and the third-party brands, products, and services Plaintiffs choose to promote.

68. Defendant's misappropriation of each Plaintiff's Image is likely to cause confusion as to Plaintiffs' association with, affiliation with, sponsorship of,

endorsement of, agreement to advertise or promote, and/or participation in the Club.

69. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's activities.

70. Defendant knew or should have known that they had no right to use each Plaintiff's Image to promote or advertise the Club.

71. Defendant knew or should have known that obtaining the right to use each Plaintiff's image would have required consent and substantial compensation.

72. Defendant's unauthorized use of each Plaintiff's Image without seeking their consent under these circumstances constitutes willful and deliberate conduct, or, in the alternative, Defendant recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of persons' Images.

73. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

74. As direct and proximate result of Defendant's actions as described herein, each Plaintiff suffered actual damages including but not limited to being deprived of the fair market value compensation each Plaintiff would have otherwise received for the authorized use of their Image, and harm to each Plaintiff's goodwill and reputation, including their modeling goods and services, which has been disparaged and defamed by Defendant's conduct, all in an amount to be established at trial.

75. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' Lanham Act claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

### COUNT II
### <u>Violation of Plaintiffs' Common Law of Right of Publicity</u>

76. Plaintiffs re-state and re-allege paragraphs 1 through 47 above and incorporate the same by reference as though fully set forth herein.

77. Each Plaintiff brings this claim against Defendant.

78. Each Plaintiff's Image is an element of that Plaintiff's identity.

79. Each Plaintiff's Image has significant commercial value from her commercialization of her image through each Plaintiff's professional modeling work.

80. As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used each Plaintiff's Image on Defendant's Social Media Accounts without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club and the Club's events and activities.

81. Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of each of the Plaintiffs without consent.

82. Plaintiffs are clearly visible and readily identifiable and distinguishable in Defendant's advertisements.

83. Each Plaintiff never consented to, authorized, licensed, or otherwise permitted Defendant's use of their Image for any purpose.

84. Defendant did not use each Plaintiff's Image in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

85. Defendant did not use each Plaintiff's Image primarily for the purpose of communicating information or expressing ideas, but rather, Defendant used each Plaintiff's Image primarily for the purpose of commercially advertising Defendant's Club.

86. Defendant acted intentionally in using each Plaintiff's Image and, knowing they did not have permission to use the Image, posted the Advertisements containing such Image to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiffs, appropriating for Defendant's own benefit the Image of each Plaintiff.

87. In the alternative, Defendant acted with reckless disregard to each Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of each Plaintiff's Image in the advertisements on Defendant's Social Media Accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

88. In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of each Plaintiff's Image on its Social Media Accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

89. Defendant knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a person's Image for Defendant's commercial benefit.

90. Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots,

payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

91. Defendant's unauthorized use, alteration, and appropriation of each Plaintiff's Image has and will continue to directly and proximately damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs a false association with, involvement with, or endorsement of Defendant's Club and the Club's activities, and by disparaging the nature of each Plaintiff's modeling works and services.

92. As a direct and proximate result of Defendant's misappropriation of each Plaintiff's Image, Defendant has damaged Plaintiffs by failing to compensate them for the fair market value of use of their Image, and by causing harm to Plaintiffs' goodwill and reputation, including their modeling goods and services, which has been disparaged and defamed by Defendant's conduct.

93. As a direct and proximate result of Defendant's misappropriation of each Plaintiff's Image, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of each Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

94. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of publicity claim and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT III
## <u>Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation</u>

95. Plaintiffs re-state and re-allege paragraphs 1 through 47 above and incorporate the same by reference as though fully set forth herein.

96. Each Plaintiff brings this claim against Defendant.

97. Plaintiffs restate and re-allege paragraphs 78-94 herein, as a common law right of privacy – appropriation claim is identical to a common law right of publicity claim but for the inclusion within a common law right of privacy – appropriation claim of an additional element of recoverable damages for harm to each Plaintiff's personal, as opposed to solely commercial, interests.

98. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of privacy appropriation claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT IV
## <u>Common Law Negligence</u>

99. Plaintiffs re-state and re-allege paragraphs 1 through 47 above and incorporate the same by reference as though fully set forth herein.

100.    Each Plaintiff brings this claim against Defendant.

101.    Defendant was negligent in its failure to supervise its managers, employees, or contractors, and further negligent in its failure promulgate policies

and procedures, with respect to the use of only Images or advertising in advertising on Defendant's Social Media Accounts or elsewhere for which Defendant had legal right and authority.

102.    Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages Plaintiffs suffered when Defendant used and published each Plaintiff's Image in Defendant's advertisements on Defendant's Social Media Accounts or elsewhere, defaming and disparaging Plaintiffs and their reputations and brands, without permission or payment.

103.    In the alternative, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, or contractors, and failed to exercise reasonable supervision of managers, employees, or contractors.

104.    In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and advertising ideas of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its

managers, employees, and contractors involved in Defendant's advertising activities.

105.     As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendant on Plaintiffs' negligence claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Unjust Enrichment**

106.     Plaintiffs re-state and re-allege paragraphs 1 through 47 above and incorporate the same by reference as though fully set forth herein.

107.     Each Plaintiff brings this claim against Defendant.

108.     As previously alleged, Defendant used each Plaintiff's Image to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant.

109.     Accordingly, Plaintiffs conferred a benefit on Defendant.

110.     Defendant knew or should have known that they benefited from the use of each Plaintiff's Image as is evident from the fact that Defendant published each Plaintiff's Image to promote and advertise Defendant's Club and its activities.

111.     Although Defendant knew or should have known of the negotiation process over the terms of use, conditions of release, licensing issues, and other

contractual incidences related to the use and exploitation of a professional model's image for commercial benefit, Defendant retained the benefits of using each Plaintiff's Image without compensating Plaintiffs.

112.     Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

113.     Defendant's unauthorized use and alteration of each Plaintiff's Image has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club, and by disparaging the nature of each Plaintiff's modeling work and services.

114.     As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of each Plaintiff's Image and by associating them with Defendant's Club without Plaintiffs' consent.

115.     As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly to the unlawful use of each Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

116.     Based on the foregoing, Plaintiffs demand judgment against
Defendant on Plaintiffs' unjust enrichment equitable claims and entry of an order
awarding Plaintiffs restitution, injunctive relief, equitable relief, costs, attorney's
fees, and all such other and further relief as to this Court seem just, proper, and
equitable.

## VI.   <u>DEMAND FOR RELIEF</u>

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant
on each of the claims listed above as follows:

1.     For actual, consequential, and incidental damages in an amount to be
proven at trial;

2.     For the amount due, owing, and unpaid to Plaintiffs as actual damages in
the amount of the fair market value compensation Plaintiffs would have
otherwise received for uses of each Plaintiff's Image in the
Advertisements;

3.     For trebling of damages or statutory damages as permitted by law;

4.     For prejudgment interest in an amount permitted by law;

5.     For disgorgement of Defendant's profits;

6.     For a permanent injunction barring Defendant's use of each Plaintiff's
Image in advertisements or other promotional material for the Club,
including but not limited to an order requiring Defendant to direct

removal of the advertisements containing each Plaintiff's Image from

Defendant's Club's Social Media Accounts;

7.    For costs of this lawsuit;

8.    For reasonable attorneys' fees; and

9.    For all such other and further relief as to this Court seem just, proper and

equitable.

## VII.   JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above

matter.


Dated:        May 16, 2025               Respectfully submitted,

/s/ Edmund S. Aronowitz
Edmund S. Aronowitz
MI Bar No. P81474
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
Email: edmund@aronowitzlawfirm.com
*Attorney for Plaintiffs and Lead Counsel*